FILED
2018 Nov-30 PM 05:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| BOBBY GENE MILES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 3:18-cv-0145-MHH-JHE |
| WARDEN STRICKLAND, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

In this action, petitioner Bobby Miles seeks a writ of habeas corpus to obtain his release from state custody. (Doc. 1). Mr. Miles is serving a sentence relating to a conviction for third-degree burglary. Mr. Miles was sentenced as a habitual felon. Mr. Miles asked to proceed without paying a filing fee. (Doc. 2). The magistrate judge assigned to this action granted Mr. Miles's *in forma pauperis* request. (Doc. 3, p. 1).

Because Mr. Miles acknowledged in his habeas petition in this case that he previously filed two habeas petitions in this Court relating to the same conviction (Doc. 1, p. 3), the magistrate judge ordered Mr. Miles to explain why the Court should not dismiss this action as successive under 28 U.S.C. § 2244. (Doc. 3, at 2). On April 16, 2018, the magistrate judge recommended that the Court dismiss Mr.

Miles's action without prejudice as successive. (Doc. 5, p. 1). The magistrate judge gave Mr. Miles's notice of his right to object. (Doc. 5, p. 4).

Mr. Miles originally objected on April 23, 2018. (Doc. 6). On May 22, 2018, after the 14-day deadline for objections expired, Mr. Miles filed an amended objection. (Doc. 7; *see also* Doc. 5, p. 4). This Court has considered all of Mr. Miles's objections, and the Court overrules them.

## I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law de novo. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

## II. DISCUSSION

In his petition for habeas corpus, Mr. Miles challenges his April 9, 1997 sentence enhancement connected to his March 21, 1997 conviction in the Colbert County Circuit Court for third degree burglary. (Doc. 1, p. 2). Mr. Miles contends that the state circuit court violated his constitutional rights by illegally enhancing his sentence to 30 years. (Doc. 1, pp. 3, 4).

As the magistrate judge summarized, the Alabama Court of Criminal Appeals affirmed Mr. Miles's conviction on August 22, 1997. (Doc. 5, p. 1; *see also* Doc. 1, p. 2). Mr. Miles also has filed at least one unsuccessful state Rule 32 petition. (Doc. 5, p. 1; *see also* Doc. 1, p. 3). Additionally, Mr. Miles previously has filed two habeas petitions in this Court. (Doc. 5, pp. 1-3; *see also* Doc. 1, p. 3). The Eleventh Circuit Court of Appeals, the court of appeals for this district, affirmed the merits-based dismissal of Mr. Miles's first habeas petition, *Miles v. Mitchem, et al.*, Case No. 2:98-cv-00644-RBP-RRA (N.D. Ala. Mar. 19, 1998). (Doc. 5, pp. 1-2; *see also* Doc. 1, p. 3); *Miles v. Mitchem*, 251 F.3d 162 (11th Cir. 2001).

This Court dismissed Mr. Miles's second habeas petition, *Miles v. Strickland, et al.*, Case No. 3:16-cv-01089-RDP-JHE (N.D. Ala. July 5, 2016), as successive to his first petition. (Doc. 5, p. 2; *see also* Doc. 1, p. 3). The Eleventh

Circuit refused Mr. Miles's request for permission from the court of appeals to pursue a second habeas petition in this district court.

In his original and amended objections, Mr. Miles makes clear that he challenges the legality of the state court's sentence enhancement of his sentence for third degree burglary, not the conviction for third-degree burglary. (Doc. 6, p. 1; Doc. 7, p. 1). That distinction does not affect the Court's assessment of whether Mr. Miles's current action is a second or successive petition. When two petitions "contest the same custody imposed by the same judgment of a state court," the latter is a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding a petitioner's later petition challenging his sentence was "second or successive" to his first petition challenging his conviction, where both petitions addressed custody pursuant to the same judgment).

Mr. Miles's present petition challenges "the same custody imposed by the same judgment" which he has attacked in his previous federal habeas petitions. Therefore, the magistrate judge correctly determined that Mr. Miles's petition is successive under *Burton*.

Because Mr. Miles has not obtained an order from the Eleventh Circuit permitting him to bring this successive petition, the magistrate judge did not err when he concluded that this Court lacks jurisdiction over this petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without jurisdiction over Mr. Miles's petition, the Court

may not address the remainder of Mr. Miles's objections. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Without jurisdiction the court cannot proceed at all in any cause.").

## III. CONCLUSION

For the reasons stated above, the Court agrees that Mr. Miles's current federal habeas petition is successive to his previous federal petitions. Therefore, the Court adopts the recommendation of the magistrate judge and concludes that this district court lacks jurisdiction over Mr. Miles's current petition for writ of habeas corpus.

The Court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this November 30, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE